### GARCIA v. STATE.    (No. 10803.)

Court of Criminal Appeals of Texas. Jan. 25, 1928.

**1. Criminal law ⟨⟩394—Testimony concerning result of unlawful search on invalid warrant is inadmissible against accused (Code Cr. Proc. 1925, art. 727a).**

Testimony as to result of unlawful search for intoxicating liquors founded upon invalid search warrant is inadmissible under Code Cr. Proc. 1925, art. 727a, providing that no evidence obtained in violation of Constitution or laws of state or United States shall be admitted against accused.

**2. Intoxicating liquors ⟨⟩248—Search warrant for liquors held invalid, where affidavit described premises as house north of barber shop and was based upon information and belief without setting out information or grounds of belief.**

Search warrant for intoxicating liquors held invalid, where affidavit, signed by two persons, described premises as a house located north of a barber shop, giving particular street address, a blue, square house on premises belonging to defendant, and was based wholly upon information and belief without setting out information or grounds of belief.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Francisco Garcia was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded.

Kirby, King & Overshiner and T. A. Bledsoe, all of Abilene, for appellant.

Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for the unlawful possession of intoxicating liquor;

punishment fixed at confinement in the penitentiary for one year.

[1, 2] The house occupied by the appellant and his family was searched by officers, who found therein ten bottles of beer, two pints of whisky, also one quart of whisky and two or three empty pint bottles, either inside or outside of the house.

The evidence was obtained through a search made on the 4th day of May, 1926. The premises were described in the affidavit as a "house located north of a barber shop, 301 Magnolia street, Abilene, Texas, a blue, square house, on the premises belonging to said party." The affidavit for the search warrant was signed by two persons. It was based wholly upon information and belief, without setting out the information or grounds of belief. The evidence touching the character of the property searched, that is, whether used solely as a dwelling house, is confusing to a degree that, so far as the writer is concerned, would leave the matter in doubt. If we comprehend it, the place searched consisted of what is denominated as a small Mexican shack with a partition dividing the east half from the west half. The east half was occupied by the appellant and his family consisting of his wife and two children, and the west half was controlled by the brother of the appellant's wife, named Aguirre. Near the shack mentioned was another structure used as a restaurant conducted by Aguirre, and at this restaurant the appellant and his family took their meals. In one of the rooms in the appellant's apartment was a bed which he at times let out for hire.

Appellant testified and introduced witnesses for the purpose of showing that the beer and whisky found upon his premises were used for medicinal purposes. A physician, who was conceded by the state to be a qualified and reputable physician residing in the city of Abilene, testified that he had for several months been treating the appellant and his family; that the appellant was affected with a serious hernia. The doctor testified that he had prescribed the use of whisky and alcoholic stimulants to alleviate the suffering of the wife and children, each of whom was seriously affected with tuberculosis. One of the children had died from tuberculosis about six weeks before the trial, and the others were in an advanced stage, as was also the wife. The doctor said that he regarded stimulants as a proper treatment to alleviate the suffering from cough. In his testimony, appellant said that the liquors found upon his premises were used entirely for medicinal purposes; that he had never sold any and had none for sale.

There was a question raised touching the variance between the proof and the description of the premises as set out in the search warrant. However, we pretermit a discussion of that question. We are of the opinion that the testimony of the officer touching the result of the search was inhibited by article 727a, C. C. P. 1925, and that the invalidity of the search warrant results from an application of the principles and authorities set forth in the case of Chapin v. State (Tex. Cr. App.) 296 S. W. 1095.

For the reasons stated, the judgment is reversed and the cause remanded.